DAN SIEGEL, SBN 56400
SONYA MEHTA, SBN 294411
SIEGEL, YEE, BRUNNER & MEHTA
475 14th Street, Suite 500
Oakland, CA 94612
Telephone: (510) 839-1200
Facsimile: (510) 444-6698
danmsiegel@gmail.com
sonyamehta@siegelyee.com

Attorneys for Plaintiff
DELISLE WARDEN

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELISLE WARDEN,<br><br>        Plaintiff,<br><br>   vs.<br><br>PERALTA COMMUNITY COLLEGE DISTRICT,<br><br>        Defendant. | Case No.:<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**<br><br>(Civil Rights)<br><br>DEMAND FOR JURY TRIAL |

Plaintiff DELISLE WARDEN complains against defendant PERALTA COMMUNITY COLLEGE DISTRICT, as follows:

## PRELIMINARY STATEMENT

1. Plaintiff Delisle Warden, former Interim General Counsel and Chief of Staff at Peralta Community College District ("Peralta"), brings this action against Peralta for terminating him in retaliation for his protected reports to the Peralta Board of Trustees

---

*Warden v. Peralta Community College District*, No.
Complaint – 1

concerning the Board's refusal to investigate complaints about race discrimination, a Board member's desire to retaliate against an employee reporting race discrimination, and because he told Board members to cease communicating the District's confidential settlement positions and disciplinary proceeding deliberations to faculty in violation of the Brown Act. The District retaliated against Warden because he directed a Grand Jury subpoenaed search of Board members' emails responsive to the Brown Act violation allegations. Finally, the District breached its contract with Warden by failing to give notice.

## JURISDICTION

2. This action arises under Title VII, 42 U.S.C. § 2000e *et seq*. The Court has jurisdiction over this matter under 28 U.S.C. § 1331.

3. The state law claims here are so related to claims in the action within original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. The Court has supplemental jurisdiction over the related state law claims under 28 U.S.C. § 1367.

## PARTIES

4. At all times relevant to this controversy, plaintiff DELISLE WARDEN was the Interim General Counsel and Chief of Staff at PERALTA COMMUNITY COLLEGE DISTRICT, and a resident of Dublin, California.

5. At all times relevant to this controversy, defendant PERALTA COMMUNITY COLLEGE DISTRICT was a public agency located in Oakland, California.

## STATEMENT OF FACTS

6. Defendant Peralta Community College District includes Berkeley City College, the College of Alameda, Laney College, and Merritt College. It serves 50,000 students annually.

7. In September 2019, Peralta hired Regina Stanback Stroud as Chancellor.

8. On or around January 17, 2020, Peralta hired Delisle Warden as its Interim General Counsel and Chief of Staff. The contract ended January 16, 2022.

---

*Warden v. Peralta Community College District*, No.
Complaint – 2

9.   One of Warden's tasks was to oversee Peralta's internal investigation of Interim Director of Human Resources Chanelle Whittaker's race and gender discrimination complaint against the District. Whittaker's complaint specifically named Peralta Board of Trustee members, including Juliana Bonilla and Nicky Gonzalez Yuen.

10. On several occasions, Bonilla attempted to remove items related to the Whittaker lawsuit from the Board agenda.

11.  Peralta also faced a number of other racial discrimination complaints regarding the Board's hostility towards African American executive staff, in addition to Whittaker.

12. On April 7, 2020, a white District employee complained about District administrators as "these people," and "my inferiors," which many understood to be a racist attack against Black administrators.

14. On April 21, 2020, the Peralta Association of African American Affairs spoke out about the April 7, 2020, racist comments and about the Board's racially discriminatory treatment of Black administrators, including Chancellor Regina Stanback Stroud.

17. Bonilla was dismissive.

18. The Board made no comment about racism until after Memorial Day, and then focused only on the murder of George Floyd.

22. Bonilla appeared visibly frustrated.

23. Warden warned the Board that such an action could be retaliatory several times.

24. By this time, Warden had confirmed that Board members were communicating the District's confidential settlement positions regarding pending litigation, and confidential disciplinary proceeding discussions, to faculty members and staff in violation of the Brown Act.

27. Warden then consulted with outside counsel to the District and asked for a contact in the Alameda County District Attorney's office to report the matter.

28. On June 2, 2020, the District Attorney's office issued a subpoena for a Grand Jury investigation of the Board's Brown Act violations.

29. In June 2020, Peralta failed to pay Warden's 2020 State Bar fees, a necessary expense he incurred in carrying out his duties.

33. On July 13, 2020, Warden directed Information Technology staff to conduct a search of the Board's emails responsive to the Brown Act violation allegations.

34. Bonilla and other Board members were aware of this search of their emails.

35. The Board knew it was Warden that directed the search because it could only have come from him as general counsel, chief of staff, and de facto head of Information Technology.

36. On July 14, 2020, Bonilla directed Warden to leave a closed session during items for which he should have been in attendance and which included his core job duties.

37. On July 16, 2020, Chancellor Stroud submitted her resignation to Peralta. She included a letter alleging the Board exhibited hostility toward Black executive staff, including against her personally.

38. On July 18, 2020, the Board voted to terminate Warden's contract 1.5 years early.

39. On July 20, 2020, Peralta noticed Warden of the termination without cause.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

40. On December 7, 2020, Peralta Community College District rejected Warden's Government Torts Claim.

41. On December 2, 2020, the California Department of Fair Employment and Housing and Equal Employment Opportunity Commission issued plaintiff a right to sue letter.

## FIRST CLAIM – TITLE VII RETALIATION

### (42 U.S.C. § 2000e *et seq.*)

42. Plaintiff incorporates by reference the paragraphs above as though fully set forth in this claim.

43. By virtue of the foregoing, defendant retaliated against plaintiff in violation of Cal. Gov't Code § 12940(h).

44. By virtue of the foregoing, defendant failed to provide appropriate notice as per the contract.

## SECOND CLAIM – CALIFORNIA LABOR CODE § 1102.5

45. Plaintiff incorporates by reference the paragraphs above as though fully set forth in this claim.

46. By virtue of the foregoing, defendant retaliated against plaintiff for his speech reporting about acts that he reasonably believed were unlawful.

### THIRD CLAIM – BREACH OF CONTRACT

47. Defendant failed to provide appropriate notice as required by the contract.

48. Plaintiff incorporates by reference the paragraphs above as though fully set forth in this claim.

### FOURTH CLAIM -
### FAILURE TO REIMBURSE NECESSARY EXPENSES
### (California Labor Code § 2802)

49. Plaintiff incorporates by reference the paragraphs above as though fully set forth in this claim.

50. By virtue of the foregoing, defendant failed to reimburse plaintiff for necessary expenses in violation of California Labor Code § 2802.

### DAMAGES

51. As a result of the actions of defendant, plaintiff has been injured and has suffered damages as follows:

   a) He has lost compensation and other employment-related benefits to which he was entitled and will lose such compensation and benefits in the future;

   b) He has suffered from emotional distress, embarrassment and humiliation, and has suffered damage to his professional reputation and standing;

   c) He has had to pay medical and other costs.

52. WHEREFORE, plaintiff requests that this Court grant him relief as follows:

   a)      Injunctive relief;

   b)      Compensatory damages for lost wages and benefits, in an amount to be determined;

   c)      Interest at the legal rate;

   d)      General damages for emotional distress, pain and suffering, in an amount to be determined;

e)      Special damages for out-of-pocket expenses;

f)      Civil penalties;

g)      Attorney fees;

h)      Costs of suit; and

i)      Such other and further relief as the Court may deem proper.


Dated: February 25, 2021            _/s/ Sonya Z. Mehta_____
                                    Sonya Z. Mehta
                                    Siegel, Yee, Brunner & Mehta

                                    Attorneys for Plaintiff
                                    DELISLE WARDEN